ORDER
GARY P. SULLIVAN, Chief Justice.
1. On August 27, 1998, Thomas Brown, pro se, filed a Petition for Review (mislabeled “Notice of Appeal”), requesting that this Court review Child Support Order # 543 contending that the arrearage of $17,485.01 cited in the Order was arbitrary and that while he agrees that he owes an “unknown amount”, the exact amount of arrearage has yet to be determined. Appellant further requests that this Court remand the matter to the Tribal Court for a ‘proper hearing’ on the issue.
2. On March 19, 1999, a majority of this Court met and drafted an Order in response to appellant’s petition. Before finalizing the order, it was discovered that the Clerk had failed to serve the appellee with the Petition for Review pursuant to Title II CCOJ 2000 § 207(b). On March 25, 1999, this Court wrote a letter to the Court Administrator requesting that the Tribal Process Server serve the appellee. Sometime later, a “Certificate of Service” appeared in the file indicating that the appellee Mazie Ogle was personally served on May 11, 1999 at 9:00 a.m. “D. Hamilton”, a Tribal Peace Officer', signed the Certificate. The Certificate was not filed stamped by the Court, nor did it indicate the location of service.
3. On May 19, 1999, appellant herein filed another Notice of Appeal from a judgment of the Court convicting appellant of Criminal Contempt for failure to pay certain sums of child support. (See FPCOA # 323). This Court granted the appeal on May 21, 1999 and a stay was issued regarding the sentence of ninety days “flat jail time”. It was determined by this Court that the Contempt charge was spawned by Child Support Order # 543, which was presently under review.
4. On June 9, 1999, appellee filed a Motion to Dismiss (mislabeled “Notice of Dismissal”) stating that she “was never served the notice of appeal” on the case herein (# 306). Appellee further states, “I found a copy on my desk on May 13, 1999.” The # 306 file is silent after June 9, 1999.
5. On August 30, 1999, this Court issued a Briefing Schedule and set the matter of FPCOA # 323 for oral argument on October 8, 1999. After oral arguments were heard, it was determined that any opinion on # 323 necessarily hinged on the outcome of # 306, therefore any decision on # 323 should be deferred until # 306 was fully resolved.
6. Following oral argument in # 323 on October 8, 1999, this Court discussed both *233 # 306 and # 323 in informal sessions; however, no clear resolution of how to proceed was reached.
7. The fact that both files have been silent the entire year of 2000 is not acceptable to the litigants and certainly not acceptable to this Court. While delays are necessarily occasioned by a myriad of reasons, some of which may apply to this case, this Court assumes full responsibility for the delays occasioned in 2000. Indeed, it is the Chief Justice who is ultimately responsible for the administration and shepherding of this Court’s cases and when any delay is occasioned, it is his responsibility alone to correct the matter. Therefore, this Court’s sincere apology is extended to our litigants herein and we trust that any delay occasioned by this Court will not prove prejudicial to them. It is our intent to deal with this matter with the greatest expedition, giving this matter the utmost priority.
8. Based upon the foregoing and good cause appearing,
IT IS NOW THEREFORE, THE ORDER OF THIS COURT THAT:
1. The Clerk of this Court shall mail a copy of the Petition for Review (mislabeled “Notice of Appeal”) in the case herein to the appellee within 24 hours after receipt of this Order pursuant to Title II CCOJ 2000 § 207(b).
2. Appellee shall be given fifteen (15) days pursuant to § 207(b) to respond to the petition.
3. The Clerk shall notify the Chief Justice immediately upon receipt of ap-pellee’s response to the petition.
4. This Court shall issue its Order, either granting or denying the petition within five (5) days of the Clerk’s notification that appellee’s response has been filed.
5.This case shall be given priority over other cases and no continuances will be granted without the express written approval of the Chief Justice.